1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL APPLEBY,

11              Plaintiff,                    No. CIV S-07-243 KJM

12        vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15              Defendant.                    <u>ORDER</u>

16   _____/

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

19   Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

20   ("Act"), respectively.  For the reasons discussed below, the court will grant plaintiff's motion for

21   remand, deny the Commissioner's cross-motion for summary judgment, and remand the matter

22   for further proceedings.

23   /////

24   /////

25   /////

26   /////

I. Factual and Procedural Background

In a decision dated September 26, 2006, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found, in pertinent part, that plaintiff has severe impairments of residuals status post cervical spine fracture, substance abuse disorder, depression, history of carpal tunnel syndrome, chronic low back pain, and recent history of right leg tibia fracture but these impairments do not meet or medically equal a listed impairment; plaintiff's allegations regarding pain and other symptoms are not fully credible, plaintiff can perform light work with certain postural limitations; plaintiff is limited to unskilled work;

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1   plaintiff cannot perform his past relevant work; based on the testimony of a vocational expert,

2   there are a significant number of jobs available to plaintiff; and plaintiff is not disabled.

3   Administrative Transcript ("AT") 284-285.  Plaintiff contends the ALJ improperly discounted

4   opinions of treating and examining medical practitioners, improperly discredited plaintiff and

5   disregarded laywitness testimony, improperly assessed his residual functional capacity and posed

6   incomplete hypotheticals to the vocational expert.  Plaintiff's contention that the ALJ improperly

7   rejected the opinion of an examining psychologist is dispositive.

8   II.  Standard of Review

9           The court reviews the Commissioner's decision to determine whether (1) it is

10  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

11  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

12  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

13  Substantial evidence means more than a mere scintilla of evidence, but less than a

14  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

15  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

16  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

17  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

18  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

19  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

20  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

21  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

22  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

23  substantial evidence supports the administrative findings, or if there is conflicting evidence

24  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

25  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

26  /////

1   improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

2   1335, 1338 (9th Cir. 1988).

3   III.  Analysis

4          Plaintiff contends the ALJ improperly discounted the opinions of two treating

5   physicians, Drs. Dintiman and Choquette, regarding plaintiff's physical limitations, as well as

6   that of an examining psychologist, Dr. Cormier, regarding plaintiff's mental limitations.[2]  The

7   weight given to medical opinions depends in part on whether they are proffered by treating,

8   examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

9   Ordinarily, more weight is given to the opinion of a treating professional, who has a greater

10  opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d

11  1273, 1285 (9th Cir. 1996).

12         To evaluate whether an ALJ properly rejected a medical opinion, in addition to

13  considering its source, the court considers whether (1) contradictory opinions are in the record,

14  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

15  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

16  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

17  rejected for "specific and legitimate" reasons that are supported by substantial evidence.  Id. at

18  830.  While a treating professional's opinion generally is accorded superior weight, if it is

19  contradicted by a supported examining professional's opinion (e.g., supported by different

20  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

21  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

22  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

23

24         [2]  As discussed below, the ALJ's improper rejection of limitations assessed by Dr.
    Cormier requires remand of this matter.  The court notes, however, that the reasons articulated by
25  the ALJ for rejecting the lifting limitations assessed by Drs. Dintiman and Choquette are specific
    and legitimate and supported by substantial evidence.  See AT 280-281; cf. AT 140, 149, 211,
26  248, 213, 216, 244, 248, 310, 313, 330-335.

1  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

2  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

3  non-examining professional, without other evidence, is insufficient to reject the opinion of a

4  treating or examining professional.  Lester, 81 F.3d at 831.

5          In November 2004, Dr. Cormier performed a mental status examination of

6  plaintiff and concluded, among other things, that if a job could be found for plaintiff, plaintiff

7  would require special or additional supervision.  AT 327.  The ALJ rejected this opinion as

8  unsupported by objective evidence.  AT 278.  In doing so, the ALJ totally ignored the only other

9  opinion in the record regarding mental status by a practitioner who actually saw plaintiff, namely,

10 Dr. Weathers, who examined plaintiff in March 2001 and opined similarly that plaintiff would

11 require supervision in order to complete even simple tasks.  AT 192.  The remaining opinions in

12 the record regarding mental status are only from reviewers who never examined plaintiff.  AT

13 204, 206, 234, 237-238, 357.  While the ALJ is correct that the record shows minimal treatment

14 for plaintiff's depressive disorder, the court, after reviewing the entirety of the record, cannot find

15 that the ALJ gave proper credence to the opinions of the examining mental health practitioners,

16 including Dr. Cormier, particularly in light of the ALJ's complete disregard of Dr. Weather's

17 supporting opinion.

18         In addition, while not completely inconsistent with the ALJ's assessment of

19 plaintiff's physical residual functional capacity, the third party statement of plaintiff's mother

20 lends support to the assessment of Dr. Cormier.  AT 744-751.  "[L]ay witness testimony as to a

21 claimant's symptoms or how an impairment affects ability to work is competent evidence, and

22 therefore cannot be disregarded without comment."  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th

23 Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family

24 members in a position to observe a plaintiff's symptoms and daily activities are competent to

25 testify to condition).  "If the ALJ wishes to discount the testimony of the lay witnesses, he must

26 give reasons that are germane to each witness."  Dodrill, 12 F.3d at 919; see also Stout v.

1  Commissioner SSA, 454 F.3d 1050, 1056 (9th Cir. 2006) (where ALJ fails to properly discuss

2  competent lay testimony favorable to plaintiff, court cannot consider error to be harmless unless

3  it can confidently conclude no reasonable ALJ, when fully crediting testimony, could have

4  reached different disability determination).  Here, the ALJ failed to even acknowledge the third

5  party statement of plaintiff's mother.  Because the statement tends to support the limitations

6  assessed by Dr. Cormier, the court cannot conclude that the ALJ's disregarding the statement was

7  harmless.

8          The remaining question is whether to remand this case to the ALJ or to

9  immediately order the payment of benefits. "The decision whether to remand the case for

10  additional evidence or simply to award benefits is within the discretion of the court." Stone v.

11  Heckler, 761 F.2d 530, 533 (9th Cir. 1985).  Generally, the court will direct the award of benefits

12  "in cases where no useful purpose would be served by further administrative proceedings or

13  where the record has been thoroughly developed." Varney v. Secretary of Health and Human

14  Services, 859 F.2d 1396, 1399 (9th Cir. 1988).

15          Here, the ALJ improperly rejected the limitation assessed by Dr. Cormier, that

16  plaintiff would require special or additional supervision.  The ALJ did pose a hypothetical to the

17  vocational expert specifically including this limitation.  AT 848.  However, the vocational expert

18  testified equivocally, indicating there might be jobs available to plaintiff depending on the level

19  of supervision required.  Id.  Because that level was undefined by both of the examining mental

20  health examiners and the record is not clear whether any jobs are available to plaintiff, the matter

21  will be remanded for further development in this regard.

22          For the foregoing reasons, this matter will be remanded under sentence four of 42

23  U.S.C. § 405(g) for further development of the record and further findings addressing the

24  deficiencies noted above.

25  /////

26  /////

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  Plaintiff's motion for remand is granted;

3       2.  The Commissioner's cross-motion for summary judgment is denied; and

4       3.  This matter is remanded for further proceedings consistent with this order.

5   DATED:  September 29, 2008.

6

7                                              _____

8                                              U.S. MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   006
     appleby.ss